**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nelson Thomas, | No. CV-24-08196-PCT-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Delivery Financial Services LLC, | |
| Defendant. | |

Nelson Thomas ("Plaintiff") has filed a motion for default judgment against Delivery Financial Services, LLC ("Defendant"). (Doc. 9.) For the reasons that follow, the motion is granted.

I.   Background

On October 22, 2024, Plaintiff initiated this action by filing the complaint. (Doc. 1.) In a nutshell, Plaintiff alleges that Defendant, a "debt collector," violated the Fair Debt Collection Practices Act ("FDCPA") by sending a debt collection letter to Plaintiff claiming that Plaintiff owed $96.24 for services rendered by non-party Pioneer Hospitalists PLLC ("Pioneer"), when in fact Plaintiff owed no such debt because it "was based on medical services rendered in connection with an accepted worker's compensation claim." (*Id.* ¶¶ 7, 19-24.) The complaint further alleges that "Defendant's collection efforts caused Plaintiff to suffer concrete and particularized injuries and harm. Defendant injured Plaintiff by trying to extract money from Plaintiff that he did not owe. Defendant's collection efforts caused particular distress to Plaintiff, as he suffers mild memory loss and confusion as a

result of his workplace accident and, upon receiving Defendant's collection letters, worried that he owed a large sum of money for his medical treatment that he did not actually owe. Plaintiff was extremely distressed because he worried that he might have been mistaken about his legal obligation to pay the purported debt and might face legal consequences for not doing so." (*Id.* ¶ 29.)

On October 30, 2024, Defendant was served. (Doc. 5.)

On November 21, 2024, after Defendant failed to timely respond to the complaint, Plaintiff filed an application for entry of default. (Doc. 7.) The next day, the Clerk entered default against Defendant. (Doc. 8.)

On December 6, 2024, Plaintiff filed the pending motion for default judgment. (Doc. 9.) Defendant has not responded.

II.   Default Judgment

The "decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Although the Court should consider and weigh relevant factors as part of the decision-making process, it "is not required to make detailed findings of fact." *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

The following factors may be considered when deciding whether default judgment is appropriate under Rule 55(b): (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether the default was due to excusable neglect, and (7) the policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering the merits and sufficiency of the complaint, the court accepts as true the complaint's well-pled factual allegations, but the plaintiff must establish the damages sought in the complaint. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

A.   **Possible Prejudice To Plaintiff**

The first *Eitel* factor weighs in favor of default judgment. Defendant has not

participated in this action at all—it has not responded to the complaint or to the motion for default judgment. In fact, it appears that Defendant made a conscious choice not to participate. (Doc. 9-4 [November 21, 2024 email from Defendant's apparent counsel to Plaintiff's counsel: "My client has directed me not to appear in the lawsuit."].) If Plaintiff's motion is not granted, Plaintiff will be without other recourse for recovery. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

### B. Merits Of Claims And Sufficiency Of Complaint

The second and third *Eitel* factors favor default judgment where, as in this case, the complaint sufficiently states a plausible claim for relief under the Rule 8 pleading standard. *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978). As noted, Plaintiff alleges that Defendant violated the FDCPA. (Doc. 1.) For the reasons stated in Plaintiff's motion, the complaint alleges sufficient facts to establish Defendant's liability. (Doc. 9-1 at 2-3.) The second and third factors favor default judgment.

### C. Amount At Stake

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the defendant's conduct. The money at stake is relatively modest—Plaintiff seeks $1,000 in statutory damages and $3,000 in emotional distress damages. Thus, the fourth factor favors default judgment.

### D. Possible Dispute Concerning Material Facts

Given the sufficiency of the complaint and Defendant's lack of participation, "no genuine dispute of material facts would preclude granting [Plaintiff's] motion." *PepsiCo*, 238 F. Supp. 2d at 1177. Thus, the fifth factor favors default judgment.

### E. Excusable Neglect

There is no indication that Defendant failed to respond to the complaint due to excusable neglect—to the contrary, Defendant apparently made a conscious choice not to participate in this action after being served. Thus, the sixth factor favors default judgment.

### F. Policy Favoring Merits Resolution

The last factor usually weighs against default judgment given that cases "should be

decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The mere existence of Rule 55(b), however, "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177.

### G. Conclusion As To *Eitel* Factors

Six of the seven *Eitel* factors favor default judgment. The Court therefore concludes that default judgment is appropriate.

### H. Damages

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes*, 559 F.2d at 560. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). A plaintiff must "prove all damages sought in the complaint." *Philip Morris USA, Inc. v. Castworld Prod., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). "[A] default judgment for money may not be entered without a hearing unless the amount claimed is a liquidated sum or capable of mathematical calculation." *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981). District courts within the Ninth Circuit have held that written affidavits or declarations are acceptable in lieu of a hearing. *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1100-01 (N.D. Cal. 2014) ("To recover damages after securing a default judgment, a plaintiff must prove the relief it seeks through testimony or written affidavit."); *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1079 (C.D. Cal. 2012) ("[A] 'hearing' . . . need not include live testimony, but may instead rely on declarations submitted by the parties, so long as notice of the amount requested is provided to the defaulting party.").

Plaintiff has submitted a declaration to substantiate his request for $3,000 in emotional distress damages. In relevant part, it provides:

> When I received the collection letter from [Defendant] seeking money for medical bills, I became frantic and stressed as I could not afford to pay the sum. While the balance requested may not seem like a large amount of money, I have been unable to work since April 2022 due to the injuries I suffered at my workplace, and thus am living on a very tight budget. I became extremely worried because I knew I could not afford to pay the

> alleged balance with my current financial situation, and worried that I was going to be sued, or that [Defendant] would take other action to collect the balance. I also feared that the collections account would harm my credit health, and negatively impact my ability to get credit that I will need in the future. This stress was keeping me up at night, causing me to lose sleep, and giving me anxiety, so I reached out to a lawyer to help me. Receiving the collection letter from [Defendant] also distressed me, as it was a reminder of my workplace injuries, which cause me great pain and discomfort to this day.

(Doc. 9-3 ¶¶ 6-7.) The Court is satisfied that these avowals are sufficient to substantiate Plaintiff's modest request for $3,000 emotional distress damages. *Cf. Perkons v. Am. Acceptance, LLC*, 2010 WL 4922916, *3 (D. Ariz. 2010) (awarding $5,000 in emotional distress damages in FDCPA action).

In additional to emotional distress damages, Plaintiff seeks $1,000 in statutory damages. This approach is permissible, 15 U.S.C. § 1692k(a)(2)(A), and Plaintiff has adequately explained (Doc. 9-1 at 3-4) why such an award is warranted under the facts of this case.

I. **Attorneys' Fees And Costs**

Finally, Plaintiff seeks to recover his attorneys' fees and costs. Such fees and costs are recoverable under the FDCPA. 15 U.S.C. § 1692k(a)(3).

District courts in the Ninth Circuit employ the lodestar method in determining reasonable attorneys' fees in FDCPA cases. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). "The lodestar is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Id.* (cleaned up). Here, Plaintiff's counsel charged an hourly rate of $350 and spent 13.7 hours working on the case (Doc. 9-2 ¶¶ 9-11), while Plaintiff's counsel's paralegal charged an hourly rate of $150 and spent 0.2 hours working on the case (Doc. 9-5 at 2). The Court is satisfied that those rates and hours-expenditures are reasonable. Additionally, Plaintiff has adequately substantiated his

request for $528.50 in costs. (Doc. 9-5 at 5.) Thus, Plaintiff's request for an award of $5,353.50 in attorneys' fees and costs is granted in full, bringing the overall award to $9,353.50.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for default judgment (Doc. 9) is **granted**. A separate judgment shall issue, after which the Clerk shall terminate this action.

Dated this 6th day of January, 2025.

Dominic W. Lanza
United States District Judge